1
2
3
4
5

**The Law Offices of Jeffrey Lohman, P.C.**
IBRAHIM MUHTASEB, State Bar No. 299472
4740 Green River Road
Suite 206
Corona, CA 92880
(866)329-9217
(714) 362-0097 - fax
E-Mail: IbrahimM@jlohman.com
Attorneys for Plaintiff,
JACQUELINE MUNOZ

6
7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

8
9
10
11
12
13
14
15

| | |
|---|---|
| JACQUELINE MUNOZ, | ) **Case No.:** |
| | ) |
| Plaintiffs, | ) **PLAINTIFF'S COMPLAINT FOR** |
| v. | ) **DAMAGES** |
| | ) |
| JPMORGAN CHASE & CO., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

16

**COMPLAINT**

17
18
19
20

NOW COMES Plaintiff, JACQUELINE MUNOZ ("Plaintiff"), by and through her attorneys, submits this Complaint against Defendant, JPMORGAN CHASE & CO. ("Defendant"), alleges as follows:

21

**NATURE OF THE ACTION**

22
23
24
25

1.  Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on

Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*.

2. This action is brought by Plaintiff pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

## PARTIES

3. Plaintiff is a natural person residing in the city of Benicia, County of Solano, California.

4. Defendant has its principal place of business located in New York, New York, and conducts business in California.

5. At all times relevant to this Complaint, Defendant has acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

7. Venue is proper in the United States District Court Eastern District of California pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims

occurred, or a substantial part of property that is the subject of the action is situated within this District.

## FACTUAL ALLEGATIONS

8.  Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

9.  Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred by Plaintiff.

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (510) 755-92XX.

11. Defendant placed collection calls to Plaintiff using an automated telephone dialing system from phone numbers including, but not limited to, (407) 732-2414 and (847) 426-9129.

12. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, JACQUELINE MUNOZ.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On May 25, 2017, Plaintiff called into Defendant's company at phone number (407) 732-2414.   Plaintiff spoke with Defendant's female representative ("Terry") and requested that Defendant cease calling Plaintiff's cellular phone.

18. During the conversation on May 25, 2017, Plaintiff gave Defendant her account number, first and last name, last four digits of her social security number, and mailing address to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on May 25, 2017.

20. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff.

21. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least fifty (50) automated calls to Plaintiff's cell phone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 .S.C. § 227

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

///

///

///

///

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CA CIV CODE § 1788.17

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

31. Defendant violated the RFDCPA based on the following:

a.  Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JACQUELINE MUNOZ, respectfully requests judgment be entered against Defendant, JPMORGAN CHASE & CO., for the following:

### FIRST CAUSE OF ACTION

32. For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein, (50) $25,000.00;

33. Actual damages and compensatory damages according to proof at time of trial;

### SECOND CAUSE OF ACTION

34. For statutory damages $1,500.00 multiplied by the number of TCPA violations alleged herein, (50) $75,000.00;

35. Actual damages and compensatory damages according to proof at time of trial;

### THIRD CAUSE OF ACTION

36. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

37. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*;

///

///

///

## ON ALL CAUSES OF ACTION

38. Actual damages and compensatory damages according to proof at time of trial;

39. Costs and reasonable attorneys' fees;

40. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

41. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: December 28, 2017

*/s/ Ibrahim Muhtaseb*
Ibrahim Muhtaseb
Attorney for Plaintiff